IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anders Tronsen, | : | Civil Case No. 3:06CV1172 |
| Plaintiff, | : | |
| vs. | : | |
| United States Postal Service, | : | |
| | | **MEMORANDUM OPINION** |
| Defendant. | : | **AND ORDER** |

The parties have consented to have the undersigned Magistrate enter judgment in this case filed pursuant to 42 U.S.C. § 1983. Pending is Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Docket No. 10) and Plaintiff's Response (Docket No. 12). For the following reasons, the Defendant's Motion to Dismiss is denied, and the Motion for Summary Judgment is granted.

### FACTUAL BACKGROUND

Plaintiff, a citizen and resident of the State of Ohio, was a write-in candidate for State Representative for the Ohio General Assembly during the 2006 election (Docket No. 1, ¶s 1, 3). Defendant is an independent establishment of the Executive Branch of the Government of the United

States pursuant to 39 U.S.C. § 201.

At approximately 8:00 a.m. on Saturday, April 29, 2006, Plaintiff began meeting Defendant's customers as they walked across the entranceway to the Holland, Ohio, Associate Post Office (hereinafter Holland Post Office) (Docket No. 10, ¶ 6, Docket No. 10, Exhibit A-1 and A-2). The entranceway provides the sole means by which customers may travel from the parking lot to the Holland Post Office and lies entirely on Holland Post Office property (Docket No. 10, Exhibit C-1, C-2, and C-3). As he talked to customers approaching the entranceway, Plaintiff spoke about his candidacy and distributed an explanatory pamphlet to them.

A Holland Post Office clerk informed Cynthia L. Konrad, a Supervisor for Customer Service at the Holland Post Office, that customers walking across the entranceway from the parking lot were approached by Plaintiff in an attempt to solicit votes (Docket No. 10, ¶ 2). At approximately 10:00 a.m., Ms. Konrad observed Plaintiff's activities and informed him that solicitation on United States Postal Services property was not authorized and asked him to leave (Docket No. 10, ¶ 3). Plaintiff asserted his right to free speech under the First Amendment of the United States Constitution (Docket No. 10, ¶ 3). Ms. Konrad then showed Plaintiff Defendant's Poster 7, "Rules and Regulations Governing Conduct on Postal Property." She pointed out the section of the Poster titled "Soliciting, Electioneering, Collecting Debts, Vending, and Advertising" (Docket No. 1, ¶ 3; Docket No. 10, Exhibit B). Plaintiff then left the Holland Post Office (Docket No. 10, ¶ 4).

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 (Docket No. 1). Subsequently, Defendant filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and in the alternative, a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(c) (Docket No. 10, p. 1).

## **MOTION TO DISMISS STANDARD**

When subject matter jurisdiction is challenged pursuant to FED. R. CIV. P.12(b)(1), the

plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (*citing Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).  Specifically, the plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.'"  *Id.* (*citing Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).  The plaintiff will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint.  *Id*.  The court will construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiff's well-pleaded factual allegations, and determine whether the plaintiff can prove no set of facts supporting [the] claims that would entitle him to relief.  *Id.* (*citing Ludwig v. Bd. Of Trs. Of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997)).

## MOTION FOR SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper if there "is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986).  The standard for summary judgment is "whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Smith v. Taylor Rental*, 747 F. Supp. 413, 414 (1990) (*citing Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2512 (1986)).

In order to defeat a motion for summary judgment, FED. R. CIV. P. 56(e) establishes that the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response… must set forth specific facts showing that there is a genuine issue for trial."

**DISCUSSION**

In the Motion to Dismiss, Defendant argues that Plaintiff asserts his right to relief under 42 U.S.C. § 1983, a statute which governs deprivation of rights by persons acting under color of state statute, ordinance, regulation or custom. Defendant contends furthermore that Plaintiff fails to cite a statute conferring jurisdiction upon this Court; consequently, the Court lacks subject matter jurisdiction. Plaintiff, however, contends that his lawsuit raises the issue of whether the postal regulations involved violate his First Amendment Rights by impermissibly restricting his right to make political speeches on public property.

In the alternative, Defendant argues that the United States Postal Services' regulation governing campaigning for public office on postal property is a reasonable restriction on public speech under the First Amendment to the United States Constitution.

*Motion to Dismiss*

As defendant correctly points out, the statute, 42 U.S.C. § 1983, that Plaintiff cites as the basis for jurisdiction relates to a deprivation of rights by persons acting under color of state law as opposed to a deprivation of constitutional rights by persons acting pursuant to a federal regulation Claims, however, made pursuant to 28 U.S.C. § 1343(3) or § 1331 do confer jurisdiction on federal courts. Plaintiff's complaint suggests grounds for jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff asserts a right guaranteed him under the United States Constitution and the violation of his rights by Defendant, a federal entity. Consequently, the Magistrate finds that Plaintiff's failure to cite 28 U.S.C. § 1331 does not constitute sufficient grounds to dismiss the complaint for lack of subject matter jurisdiction. Accordingly, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is denied.

*Motion for Summary Judgment*

Plaintiff claims that the portion of the United States Postal Services' regulation, 39 C.F.R. § 231.1, restricting "Soliciting, Electioneering, Collecting Debts, Vending, and Advertising" is unconstitutional because it is a content based restriction of speech on public property that does not meet the required standard of strict scrutiny (Docket No. 12, p. 2).  Defendant argues that the regulation is not unconstitutional because the entranceway to the Holland Post Office was a non-public forum and restrictions on speech in non-public forums are permissible so long as they are viewpoint neutral and reasonable (Docket No. 10, p. 11).

The issue before this Court is whether 39 C.F.R. § 231.1(h) violates the First Amendment. Political campaign speech and solicitation are recognized forms of speech protected by the First Amendment.  *See Eu v. San Francisco Cty. Democratic Cent. Comm.*, 109 S. Ct. 1013, 1020 (1989); see also *Monitor Patriot Co.* v. *Roy*, 91 S. Ct. 621, 625 (1971); *see also Mills* v. *Alabama*, 86 S. Ct. 1434, 1437 (1966).  The Court must determine the appropriate level of scrutiny to apply to the regulation at issue.

In *Perry Education Assn. v. Perry Local Educators' Assn.*, the Supreme Court defined three categories of government property and the applicable level of scrutiny for limitation of expressive activity on such property. 103 S. Ct. 948, 954-955 (1983).  The Court must apply strict scrutiny to regulation of speech on government property "which by long tradition or by government fiat ha(s) been devoted to assembly and debate."  *Id*.  The Court must also apply strict scrutiny to regulation of speech on government property "which the state has opened for use by the public as a place for expressive activity."  *Id*.  The third category consists of property "which is not by tradition or designation a forum for public communication."  *Id*.  In this category, the court must apply a reasonableness standard.  *Id.*

5

The facts in the case before this Court are similar to those that the Supreme Court considered in *United States v. Kokinda*, 110 S. Ct. 3115 (1990).  In *Kokinda*, the respondents, Marsha Kokinda and Kevin Pearl, as volunteers for the National Democratic Policy Committee, set up a table on the sidewalk, near the entrance of a post office to "solicit contributions, sell books and subscriptions to the organization's newspaper, and distribute literature addressing a variety of political issues."  110 S. Ct. at 3117.  In that case, the sidewalk provided "the sole means by which customers of the post office travel from the parking lot to the post office building and lies entirely on Postal Service property."  *Id*. at 3118.

In *Kokinda*, the Supreme Court reaffirmed the proposition that property does not become public property simply because the government owns it.  *Kokinda*, 110 S. Ct. at 3119 (*citing United States Postal Service v. Council of Greenburgh Civic Assns.*, 101 S. Ct. 2676 (1981).  Accordingly, the Court held that post office sidewalks "constructed solely to provide for the passage of individuals engaged in postal business" are not a traditional public forum sidewalk; therefore, *Perry*'s first category did not apply.  110 S. Ct. at 3120.  Regarding *Perry*'s second category, the Court held that even though post office sidewalks may be dedicated to some First Amendment uses, "the government does not create a public forum by… *permitting* limited discourse, but only by intentionally opening a non-traditional forum for public discourse."  *Kokinda*, 110 S. Ct. at 3121 (emphasis in original) (*citing Cornelius v. NAACP Legal Defense & Educational Fund, Inc.*, 105 S. Ct. 3439, 3448 (1985)).  Even though a post office sidewalk may not be purely non-public, the "regulation of the reserved non-public uses would still require application of the reasonableness test."  *Kokinda*, 110 S. Ct. at 3121 (*citing Cornelius*, 105 S. Ct. 3439 at 3450-3452).

In this case, as in *Kokinda*, the post office is on government property, and the sidewalk and the entranceway to the Holland Post Office exist for the sole purpose of allowing customers to travel

6

from the parking lot to the post office.  Therefore, the United States Postal Service regulation at issue, 39 C.F.R. § 231.1(h) must be analyzed under a reasonableness standard.

Under the reasonableness standard, the regulation need not be "the most reasonable or only reasonable regulation possible"; it must only be a reasonable alternative.  *Kokinda*, 110 S. Ct. at 3124 (*citing Cornelius*, 105 S. Ct. at 3452).  This regulation is facially content neutral.  It does not discriminate on the basis of content or attempt to advance or restrict a particular viewpoint.  The United States Postal Service Regulation at issue, 30 C.F.R. § 231.1(h), prohibiting solicitation and campaigning for election to public office on United States Postal Service property is not unconstitutional.  Therefore, this Court is satisfied that there are no genuine issues of material fact and that based on the evidence presented the Defendant must prevail as a matter of law.

## CONCLUSION

For the foregoing reasons, the Magistrate finds that Defendant's Motion to Dismiss for lack of subject matter jurisdiction is denied, and Defendant's Motion for Summary Judgment is granted (Docket No. 10) .

So ordered.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   07/20/07